UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE CRUZ SAUCEDO MEDINA,<br>Petitioner(s),<br>v.<br>ANDRE QUINONES, et al.,<br>Respondent(s). | CASE NO. C26-4399-KKE<br><br>ORDER GRANTING UNOPPOSED HABEAS PETITION |

Petitioner has been detained at the Northwest ICE Processing Center ("NWIPC") since April 2026. The Court granted his prior immigration habeas petition, ordering that Petitioner be provided with a constitutionally sufficient bond hearing. Dkt. No. 1 ¶¶ 21. At Petitioner's court-ordered bond hearing, which took place on May 12, 2026, the immigration judge ("IJ") denied bond, finding that Petitioner posed a flight risk. *Id.* ¶ 23; Dkt. No. 1-1. Petitioner appealed that order to the Board of Immigration Appeals ("BIA"), which affirmed the bond denial without opinion. Dkt. No. 1 ¶ 28; Dkt. No. 1-3 at 4. On June 20, 2026, Petitioner married his longtime United States citizen partner while in detention at NWIPC. Dkt. No. 1 ¶ 26. On October 6, 2026, Petitioner filed a *pro se* motion requesting another custody determination based on his new marriage, arguing that his stronger ties to the United States mitigated any flight risk concerns. *Id.* ¶ 30. The IJ denied that request on October 14, 2026. *Id.* Petitioner filed this habeas petition through counsel on November 12, 2026. His petition argues that his arrest and detention without

notice or an individualized hearing violated his due process rights. *Id.* ¶¶ 81–84. It also argues that the IJ abused his discretion in making a flight-risk determination where the record reflected "overwhelming evidence of [Petitioner]'s lengthy presence in this country, his community ties, stable residence, [and] his committed relationship[.]" *Id.* ¶¶ 4, 57–66, 85–89. Petitioner seeks release from detention. *Id.* at 28. He also requests that "that Respondents be permanently enjoined from re-detaining Petitioner during the pendency of his removal proceedings absent written notice and a hearing prior to re-detention, where Respondents must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks." *Id.* ¶ 96.

The Court issued a scheduling order instructing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 5 at 1. The Government filed an "abbreviated return" requesting only "that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. No. 8. The abbreviated return does not contain legal argument or any factual assertions.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner argues that his arrest and detention without pre-deprivation process violated his due process rights, and that the IJ's flight-risk determination is contradicted by the record and constitutes an abuse of discretion. *See* Dkt. No. 1 ¶¶ 57–66, 81–89. These arguments

have been accepted by numerous courts in this Circuit, including this one. *See, e.g.*, *Calderon v. Scott*, No. C26-2419-KKE, 2026 WL 2983535, at *5 (W.D. Wash. Oct. 5, 2026) (finding that "the IJ's denial of bond—and the BIA's subsequent affirmance—amounted to an abuse of discretion" where the "record unequivocally contradicts the IJ's flight-risk finding"); *Singh v. Noem*, No. 2:26-CV-00651, 2026 WL 925627, at *2 (W.D. Wash. Apr. 6, 2026) ("[Petitioner]'s detention without notice or hearing violates procedural due process and requires immediate release."); *see also Rivas Gomez v. Scott*, No. C26-3505-KKE, 2026 WL 3438023, at *4 (W.D. Wash. Nov. 12, 2026) (explaining that "post-deprivation bond hearings do not negate noncitizens' due process challenges to the circumstances of their detention" (citation omitted)). And although the Government has full access to the relevant facts concerning Petitioner's detention, it has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's election not to oppose the petition constitutes forfeiture of the arguments it *could* have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")).

Because the Government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the Government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court

need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 1), including Petitioner's unopposed request for injunctive relief. *Id.* ¶ 96. The Court ORDERS that Petitioner shall be released from detention no later than November 20, 2026. Absent exigent circumstances, Petitioner may not be re-detained until after a hearing is held (with adequate notice) to determine whether re-detention is appropriate. At any future pre-deprivation hearing, in order to re-detain Petitioner, the Government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no alternatives to detention would mitigate those risks. The Government shall file a status report no later than November 23, 2026, confirming Petitioner's release in compliance with this order.

Dated this 19th day of November, 2026.

Kymberly K. Evanson
United States District Judge